FILED
APR 0 5 2011
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FULLER, Inmate Booking No. 908891<br><br>Plaintiff,<br><br>vs.<br><br>IMPERIAL COUNTY; RAYMOND LOERA, Sheriff; J. CLAYTON, Facility Captain; H. COFMAN, Director, Health Care; DR. SINGH, Facility Physician,<br><br>Defendants. | Civil No.   11-CV-484 BEN (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br>**[Doc. # 2];**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

*Pro se* Plaintiff David E. Fuller, who is currently incarcerated at the Imperial County Jail located in El Centro, California, filed a civil-rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP Motion" [Doc. # 2]). For the reasons set forth below, Plaintiff's IFP Motion is **GRANTED**, but the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff shall have *thirty (30) days from the filing date of this Order* to file an amended complaint that cures the deficiencies noted herein by the Court.

I.

**PLAINTIFF'S IFP MOTION**

Plaintiff did not prepay the $350 filing fee required by 28 U.S.C. § 1914(a). Instead, he filed his IFP Motion pursuant to 28 U.S.C. § 1915(a). As a general matter, all parties instituting any civil action, suit, or proceeding—except for an application for a writ of *habeas corpus*—in a district court of the United States must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). A party who fails to prepay the entire fee may proceed only if the party is granted IFP status pursuant to 28 U.S.C. § 1915(a). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted IFP status."). Even those prisoners who *are* granted leave to proceed IFP, however, remain obligated to pay the entire fee (in installments), regardless of whether the action ultimately is dismissed. 28 U.S.C. § 1915(b)(1) & (2).

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 requires a prisoner seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From this certified trust-account statement, the Court must assess an initial payment of 20% of: (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. § 1915(b)(1) & (b)(4). The prisoner's custodial institution must collect subsequent payments—assessed at 20% of the preceding month's income—in any month in which the prisoner's account exceeds $10 and forward those payments to the Court until the entire filing fee is paid. *Id.* § 1915(b)(2).

Plaintiff attached a certified copy of his trust-account statement pursuant to 28 U.S.C. § 1915(a)(2) and CivLR 3.2. That statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" to prevent dismissal of a prisoner's case solely because of a "failure to pay ... due to the lack

of funds available to him when payment is ordered").

The Court consequently finds that Plaintiff's IFP Motion is well-founded.

## II.

### *SUA SPONTE* COMPLAINT SCREENING PER 28 U.S.C. §§ 1915(e) & 1915A

The PLRA's amendments to 28 U.S.C. § 1915 obligate the Court to review complaints filed by all persons proceeding IFP and by those who, like Plaintiff, are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).[1] Under these provisions, the Court must dismiss, *sua sponte*, any IFP complaints (or portions thereof) which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *Id.*; *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000).

When determining whether an IFP complaint states a claim, the Court accepts as true all allegations of material fact and construes those facts in the light most favorable to Plaintiff. *Resnick*, 213 F.3d at 447; *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's allegations to be true, the Court finds the Complaint fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); *Lopez*, 203 F.3d at 1126–27; *Resnick*, 213 F.3d at 446 n.1.

A.   **42 U.S.C. § 1983**

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct of which he complains was committed by a person acting under color of state law; and (2) this conduct violated a right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] Before it was amended by the PLRA, 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal only of frivolous and malicious claims. *Lopez v. Smith*, 203 F.3d 1122, 1126 & 1130 (9th Cir. 2000).

B.   **Inadequate Medical Care Claims**

The Complaint is unclear as to whether Plaintiff is a pre-trial detainee or serving a post-conviction sentence. Depending on whether a claim arose before or after a conviction, Ninth Circuit precedent holds that different Constitutional provisions may apply. However, "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," so, in this regard, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf. Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 n.9 (9th Cir. 2002) (noting that, while the Court generally looks to Eighth Amendment cases in reviewing the conditions-of-confinement claims raised by pretrial detainees under the Fourteenth Amendment, "[i]t is quite possible ... that the protections provided pretrial detainees by the Fourteenth Amendment in some instances exceed those provided convicted prisoners by the Eighth Amendment").

In any case, to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was deliberately indifferent to his serious medical needs. *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials must have purposefully ignored or failed to respond to Plaintiff's pain or medical needs; an inadvertent failure to provide adequate medical care, mere negligence, and medical malpractice do not constitute a Constitutional violation. *Id.* at 105–06. Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, *i.e.*, one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective and "sufficiently culpable" state of mind on the part of each individual Defendant. *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991).

Here, Plaintiff's factual allegations are confusing. Plaintiff appears to allege that he needs surgery for an unspecified medical condition. But he fails to describe with any specificity the nature of his alleged serious medical need. Plaintiff also fails to specify whether he suffered any harm as a result of the alleged deliberate indifference.

If Plaintiff is attempting to allege a delay in treatment, no facts in the Complaint allow the Court to determine whether he has suffered any injury as a result of the alleged delay. *See Shapley v.*

*Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful"). Plaintiff also fails to allege any facts from which the Court could find that Defendants acted with deliberate indifference. Accordingly, Plaintiff's inadequate medical care claims are dismissed for failing to state a claim upon which relief could be granted.

### C. Monell Liability and *Respondeat Superior*

Plaintiff names Sheriff Raymond Loera as a defendant but fails to assert specific factual allegations pertaining to Defendant Loera. Under 42 U.S.C. § 1983, there is no *respondeat superior* liability. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993). Rather, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). To avoid the *respondeat superior* bar, Plaintiff must allege personal acts by each individual defendant having a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). Supervisory officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent the supervisor personally participated in or directed a subordinate's actions and (2) either by acting or failing to act, the supervisor was an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978). Here, Plaintiff's Complaint fails to set forth facts which might be construed (liberally) to support an individualized constitutional claim against Defendant Loera.

Plaintiff also names Imperial County as a defendant. But "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978) (emphasis in original). A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and

promulgated by that body's officers." *Id.* at 690; *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) ("a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights"); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Thus, to assert liability by the County, Plaintiff must allege: (1) that he was deprived of a constitutional right; (2) that the County had a policy; (3) that this policy amounted to deliberate indifference to Plaintiff's constitutional right; and (4) that the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Put another way, to state a § 1983 claim against Defendant Imperial County, Plaintiff must allege facts showing that his injury was caused by individual county officers whose conduct both violated the constitution and conformed to an official county policy, custom or practice. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). Plaintiff failed to allege facts to support a claim against Defendant Imperial County.

### D. Retaliation

Plaintiff alleges that Defendant Cofman denied Plaintiff's filed grievance for "retaliatory" purposes. (Compl. at 5.) To prevail on a claim of retaliation, Plaintiff must be able to prove the following five factors: "(1) An assertion that a state actor took some adverse action against [Plaintiff]; (2) because of (3) [Plaintiff's] protected conduct, and that such action (4) chilled [Plaintiff's] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). But the Complaint alleges no facts to suggest that Defendants' actions did not reasonably advance a legitimate correctional goal. Nor does Plaintiff allege any facts to show that his First Amendment rights were chilled.

Thus, Plaintiff's First Amendment retaliation claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

For all these reasons, the Court *sua sponte* dismisses Plaintiff's Complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

///

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(2) The Watch Commander, or his designee, shall collect from Plaintiff's prison-trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). *All payments shall be clearly identified by the name and number assigned to this action.*

(3) The Clerk of the Court shall serve a copy of this Order on Watch Commander, Imperial County Jail, P.O. Box. 679, El Centro, California 92244.

**IT IS FURTHER ORDERED** that:

(4) Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is **GRANTED** thirty (30) days leave from the filing date of this Order to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff is cautioned that, should he elect *not* to amend, or if his Amended Complaint still fails to state a claim upon which relief may be granted, the dismissal of this action may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

Dated: April 4, 2011

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT COURT