FILED
SEP 20 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FULLER, CDCR #AH-2010,<br><br>                           Plaintiff,<br><br>vs.<br><br>IMPERIAL COUNTY; RAYMOND LOERA, Sheriff; J. CLAYTON; H. COFMAN; SINGH,<br><br>                          Defendants. | Civil No.   11-CV-0484 BEN (RBB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)** |

**I.   PROCEDURAL HISTORY**

On March 9, 2011, David E. Fuller ("Plaintiff"), a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleged that his constitutional rights were violated when he was housed at the Imperial County Jail. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). On April 5, 2011, the Court granted Plaintiff's Motion to Proceed IFP but *sua sponte* dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Apr. 5, 2011 Order at 7. However, Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified by the Court. *Id.*

On June 29, 2011, after receiving two extensions of time, Plaintiff filed his First Amended Complaint ("FAC").

## II. SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e) AND 1915A

As the Court stated in its previous Order, the Prison Litigation Reform Act's amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Under these provisions, the Court must *sua sponte* dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming that Plaintiff's allegations are true, the Court finds his First Amended Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### A.     42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. Cnty. of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B.     Inadequate Medical Care Claims

Plaintiff's claims appear to arise from the period of time he was a pre-trial detainee housed in the Imperial County Jail, as Plaintiff is now in the custody of the California Department of Corrections and Rehabilitation. As the Court stated in its previous Order, the Ninth Circuit has noted that while different constitutional provisions may be applied dependent on whether a plaintiff's claims arise before or after conviction, "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf. Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 n.10 (9th Cir. 2002) (noting that while the Court generally looks to Eighth Amendment cases when reviewing conditions of confinement claims raised by pretrial detainees under the Fourteenth Amendment, "[i]t is quite possible . . . that the protections provided pretrial detainees by the Fourteenth Amendment in some instances exceed those provided convicted prisoners by the Eighth Amendment."); *see also Lolli v. Cnty. of Orange*, 351 F.3d 410, 419 n.6 (9th Cir. 2003) (quoting *Gibson*, 290 F.3d at 1188 n.10).

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs; neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice constitutes a constitutional violation. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, *i.e.*, one that a reasonable doctor would think worthy of

1  comment, one which significantly affects his daily activities, or one which is chronic and
2  accompanied by substantial pain, *see Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994);
3  and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual
4  defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

5  Plaintiff appears to allege that while he was housed at the Imperial County Jail he was
6  examined by Defendant Singh, whom Plaintiff alleges referred Plaintiff to a neurologist. (*See*
7  FAC at 3.) Plaintiff further claims that he was "referred for authorization for surgery to provide
8  me with relief." (*Id.*) The only allegation pertaining to Defendant Singh is the fact that he
9  referred Plaintiff to another specialist. Thus, Defendant Singh is alleged to have examined
10 Plaintiff and provided him with additional medical care. These facts fail to show that Defendant
11 Singh was indifferent in any way to Plaintiff's medicals needs. Moreover, it is unclear whether
12 there was any recommendation by a physician suggesting that Plaintiff have surgery.

13 Plaintiff's allegations as to Defendant Cofman are far less clear. It appears that Plaintiff
14 filed a grievance with Defendant Cofman, Director of Health Care, who responded that Plaintiff
15 did not have a recommendation for surgery. A mere "difference of medical opinion" between
16 a prisoner and his physicians concerning the appropriate course of treatment is "insufficient, as
17 a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th
18 Cir. 1996). Instead, to allege deliberate indifference regarding choices between alternative
19 courses of treatment, a prisoner must allege that the chosen course of treatment "was medically
20 unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive
21 risk to [the prisoner's] health." *Id.* (citation omitted). Plaintiff has failed to allege any facts
22 from which the Court could find that Defendants acted with deliberate indifference to his serious
23 medical needs. Accordingly, Plaintiff's inadequate medical care claims are dismissed for failure
24 to state a claim upon which relief could be granted.

25 **C.  Monell Liability and Respondeat Superior**

26 Once again, Plaintiff names Sheriff Raymond Loera and Facility Captain J. Clayton as
27 Defendants, but fails to assert any specific factual allegations pertaining to these Defendants.
28 There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d

1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pled, however, Plaintiff's First Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendant Loera or Clayton.

Plaintiff also names the County of Imperial as a Defendant. "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690; *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Thus, to plead liability on behalf of the County, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996);

*Brown*, 520 U.S. at 404; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Put another way, in order to state a § 1983 claim against the County of Imperial, Plaintiff must allege facts showing that his injury was caused by individual county officers whose conduct both violated the Constitution and conformed to an official county policy, custom or practice. *See Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). Plaintiff has failed to allege facts to support a claim against the County of Imperial.

For all these reasons, the Court finds that Plaintiff's First Amended Complaint must be dismissed *sua sponte* for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446 n.1.

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** thirty (30) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Second Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIV. L.R. 15.1. Defendants not named and all claims not re-alleged in the Second Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

(2) The Clerk of Court shall mail Plaintiff a copy of the Court approved form § 1983 complaint.

DATED: September /9, 2011

HON. ROGER T. BENITEZ
United States District Court Judge